UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. REED,

               Plaintiff,                       CIVIL ACTION NO. 04 CV 73975 DT

          v.                               DISTRICT JUDGE JOHN CORBETT O'MEARA

MEIJER STORES LIMITED              MAGISTRATE JUDGE VIRGINIA MORGAN
PARTNERSHIP,

               Defendant.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on the motion of defendant Meijer Stores to dismiss or in the alternative to compel. Plaintiff is a former employee of defendant who filed this action alleging that he was harassed by co-employees and that supervisors condoned the activity. He alleges that he was constructively discharged, and he seeks money damages. He sued both Meijer Stores and the local union UFCW Local 951. Defendant Meijer Stores now moves for dismissal as a sanction for plaintiff's failure to participate in discovery, to prosecute the action in good faith, and to comply with previous orders of the court. For the reasons discussed in the Report, it is recommended that the Motion to Dismiss be granted and the case dismissed with prejudice.

      When plaintiff filed this action in 2004, he was represented by counsel George Warren. Defendant sent interrogatories to Mr. Warren. Before the time for response had passed, Mr.

- 1 -

Warren moved to withdraw. The court granted the motion. Plaintiff was given until June 14, 2005, to obtain new counsel or represent himself *pro se*. On June 16, 2005, plaintiff sent an email to defendant with the notation that the email would serve as a response to the interrogatories and discovery requests. On June 20, 2005, defense counsel advised plaintiff that the email was non-responsive and not sufficient. Plaintiff did not get new counsel, within the extended period of time to do so.

However, on August 27, 2005, after the period for new counsel had expired, plaintiff's former attorney Mr. Warren filed a second appearance for plaintiff. Defense counsel and Mr. Warren discussed when proper answers to the interrogatories and document requests could be expected. Mr. Warren advised that he would contact plaintiff for the same. These were not forthcoming and on September 13, 2005, Mr. Warren filed another motion to withdraw. Defendant filed a Motion to Compel Responses to the Discovery Requests. On September 29, 2005, the court granted Mr. Warren's motion and gave plaintiff another 90 days to get a new lawyer. The court advised plaintiff that if he did not retain counsel, the court would deem that he was acting *pro se*. The order provided that after his pro se status began to run, plaintiff would be given 90 days to represent himself,[1] but if he failed to do so, then "his case may be dismissed by the Court on motion of a party." (Order of 9/29/05)

The 90 days expired on January 2, 2006. On January 17, 2006, counsel for defendant Meijer contacted plaintiff seeking responses to the discovery requests and warning him that

---

[1]Apparently to answer the discovery requests and engage in appropriate pretrial proceedings.

Meijer would seek dismissal as a remedy.  Plaintiff advised that he had asked another lawyer,

John Blattner, to appear on his behalf.  The next day, plaintiff advised defense counsel that Mr.

Blattner had declined to represent him.  On January 19, 2006, defense counsel again requested

responses.  Plaintiff sent another email and declined to provide responses consistent with the

Federal Rules of Civil Procedure.  (See Ex. C to defendant's motion)  Instead, plaintiff stated that

he was the victim, that the case should be settled, and that Meijer had sufficient information, and

should make their own copies of things.  Id.  When proper discovery responses were not

received, Meijer filed the instant motion which was referred to the undersigned.  A hearing was

set and notices of hearing were mailed to counsel, and to plaintiff at his address on file of 333

Chevalier Drive, Howell, MI 48843.  The notice was not returned.  Plaintiff failed to respond to

the motion and/or to appear for the scheduled hearing.

Both Fed.R.Civ.P. Rule 41 and Fed.R.Civ.P. Rule 37 would justify dismissal in this case.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure:  "[f]or failure of the plaintiff to

prosecute . . . a defendant may move for dismissal of any claim against him. . . ." In Link v.

Wabash Railroad Company, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme

Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of

prosecution sua sponte.  See also, Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th

Cir. 1980).  The Supreme Court in Link, supra, held that:

> "[N]either the permissive language of the Rule - which merely
> authorizes a motion by the defendant - nor its policy requires us to
> conclude that it was the purpose of the Rule to abrogate the power
> of the Courts, acting on their own initiative to clear their calendars

- 3 -

> of cases that have remained dormant because of the inaction or
> dilatoriness of the parties seeking relief."

Link, 370 U.S. at 629-630, 82 S.Ct. at 1388-1389.

The Supreme Court in Link, supra, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void.  Link, 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order entered without notice and a preliminary adversary hearing offends due process.  Link, 370 U.S. at 632, 82 S.Ct. at 1389.  The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Link, 370 U.S. at 632, 82 S.Ct. 1390.  In the case-at-bar, as in Link, supra, the plaintiff should have been aware of the consequences of his actions in failing to move this litigation forward since the date of at least August 27, 2005 when Mr. Warren entered his second appearance.  Indeed, plaintiff has never responded to the initial interrogatories and request for production, nor has he complied with the mandatory disclosure provisions of Fed.R.Civ.P. Rule 26 (a)(1) or a discovery conference pursuant to Fed.R.Civ.P. Rule 26(f).  While the court is sympathetic to the circumstances of plaintiff (one of his addresses was the Delonis Shelter in Ann Arbor), he has demonstrated that he is aware of the case, he understands the need for

- 4 -

responses, and understands in general the litigation process.  In his email, he declined to respond

to the requests for discovery, but proposed settling the case with counsel.

It should be noted that the principle of allowing dismissal of a case for lack of

prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court

calendars, and providing meaningful access for other prospective litigants to overcrowded courts.

Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42

(2nd Cir. 1982).  Thus, the case could be dismissed under Rule 41.

In addition, Fed.R.Civ.P. Rule 37(b)(2)(c) and (d) provide that a court may impose

sanctions on a party for failure to cooperate in discovery.  Such sanctions include dismissal of the

action.  In this case, plaintiff has failed to cooperate in discovery and has never responded to the

properly propounded discovery requests.  He has been advised by the court in previous orders

that failure to respond, to obtain a lawyer, or to undertake his own representation could result in

dismissal.  He was properly advised of the instant motion by this court by our mailing it to his

last known address on file.  He failed to respond or appear.  Under such circumstances, a

recommendation for dismissal is clearly warranted.

Accordingly, it is recommended that defendant's Motion to Dismiss be granted and the

case be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

   s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   June 1, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that on June 1, 2006, the foregoing Report and Recommendation was served upon David
Reed and counsel of record via the Court's ECF System and/or via U. S. Mail at the address below:

| David J. Reed | David J. Reed | David J. Reed | Jonathan D. Karmel |
|---|---|---|---|
| 333 Chevalier Drive | 430 N. Larch Street | 831 North Sycamore Street | Karmel & Gilden |
| Howell, MI 48843 | Lansing, MI 48912 | Lansing, MI 48906 | 221 N. Lasalle Street |
| | | | Chicago, IL 60601 |

s/Jennifer Hernandez
Case Manager to Virginia M. Morgan